UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21873-CIV-LENARD
MAGISTRATE JUDGE P.A. WHITE

GEORGE WATSON,                        :

    Plaintiff,                    :

v.                                    :       PRELIMINARY REPORT
                                              OF MAGISTRATE JUDGE
CO I ROCHELLE, ET AL.,                :

    Defendants.                   :
_____

## I. Introduction

The plaintiff, George Watson, currently housed at the Metro West Detention Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>      the court shall dismiss the case at any time
>      if the court determines that –
>
>                * * *
>
>      (B) the action or appeal –
>
>                * * *
>
>      (i)  is frivolous or malicious;
>
>      (ii) fails to state a claim on which
>      relief may be granted; or
>
>      (iii) seeks monetary relief from a
>      defendant who is immune from such
>      relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most

plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names the following defendants[2]:

(1) CO I Rochelle (Miami-Dade Pretrial Detention Center)
(2) CO I Coventon (Miami-Dade Pretrial Detention Center)

The plaintiff alleges that on January 27, 2008 Corrections Officers Rochelle and Coventon used excessive force upon him by punching him in the face, kicking him, and dragging down a hallway filled with urine. He seeks monetary damages and other relief.

Claims of excessive force by corrections officers are cognizable under 42 U.S.C. §1983, as are claims that officers who

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] The Clerk has indicated on the docket that the Miami-Dade Pretrial Detention Center is a defendant in this case. This is incorrect - the plaintiff did not intend to name this entity as a defendant. In any event, this entity is not a proper defendant in a federal civil rights case. In Florida, there is no such legal entity as the Miami-Dade Pretrial Detention Center. Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff. Fla. Const. att. VIII, §§1(a) and (d). However, no provision is made constitutionally or statutorily for a county jail facility as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a county jail given authority to be sued in such a name. See Eddy v. City of Miami, 715 F.Supp. 1553, 1556 (S.D.Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under §1983); Heckman v. Hall, 2007 WL 2175919 at *3 (N.D.Fla. 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), adopted, 2007 WL 2428487 (N.D.Fla.2007); Avant v. Rice, 1992 WL 359633 at *6 (M.D.Fla. 1992) (same).

were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985).

The plaintiff has raised minimally sufficient facts to state a claim under the <u>Twombly</u> standard that both officers may have violated the plaintiff's Fourteenth Amendment rights by engaging in excessive force and causing physical injuries.

### III.  Conclusion

Based on the foregoing, it is recommended that the Complaint proceed as to the claims of excessive force against the defendants Rochelle and Coventon.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 20th day of July, 2009.

                                    UNITED STATES MAGISTRATE JUDGE

cc:  George Watson, <u>Pro Se</u>
     No. 060054237
     Metro-West Detention Center
     13850 N.W. 41st Street
     Miami, FL 33178