```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-21873-CIV-LENARD
                                    MAGISTRATE JUDGE P.A. WHITE
GEORGE WATSON,              :

       Plaintiff,           :

v.                          :            REPORT OF
                                    MAGISTRATE JUDGE
CO I ROCHELLE, et al.,      :

       Defendants.          :
_____
```

## I   INTRODUCTION

Plaintiff George Watson, currently confined in the Miami Dade Department of Corrections and Rehabilitation ("MDCDCR") at Metro West Detention Center ("MWDC"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 (DE#1), concerning events that allegedly occurred on January 27, 2008, at MDCDCR's Pretrial Detention Center ("PTDC"), where he was previously confined.

As noted in the Preliminary Report (DE#7) entered on 7/21/09, Watson named two Corrections Officers as defendants in the case, CO I Rochelle, and CO I Coventon. Watson's allegations, were summarized, as follows:

> The plaintiff alleges that on January 27, 2008 Corrections Officers Rochelle and Coventon used excessive force upon him by punching him in the face, kicking him, and dragging down a hallway filled with urine.

(Preliminary Report, DE#7, p.4). The Report recommended that the case be allowed to proceed against both defendants, based on Watson's allegations that they used excessive force against him.

An executed return of service was filed for Rochelle (DE#19), who has moved for judgment; but service of process could not be achieved for Officer Coventon. (See Unexecuted Process Receipt and Return, DE#13, bearing the Deputy U.S. Marshal's notation: "Corrections and Rehabilitation Department was unable to properly identify CO I Coventon. It appears that there are more than one CO Coventon").

**This Cause is before the Court upon Rochelle's Motion to Dismiss, treated as a Motion for Summary Judgment (DE#22),** as to which the plaintiff Watson was advised of his right to respond by 2/26/2010. (Order of Instructions, DE#23, entered 1/13/10).[1]

---

[1] Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted)

Thus, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir.1990).If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir.1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir.1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could

Plaintiff Watson, who was served with a copy of the motion for summary judgment, and of the Order of Instructions, has filed no Response in opposition, and it appears that he may have abandoned the lawsuit.

With the motion for summary judgment (DE#22), the defendant Officer Rochelle has submitted supporting exhibits: a copy of the MDCDCR's Inmate Grievance Procedure, DSOP No. 15-001 (DE#22-1); a copy of the MDCDCR Inmate Handbook (DE#22-2); a copy of an Inmate Grievance Form (Grievance File# PD 07 0799) dated 7/19/07 complaining about a rash, a 7/11/07 Inmate Request for Health Services requesting care for a rash, and a July 30, 2007 Memo concerning grievance PD 07 0799 (DE#22-3); and a January 7, 2010 Declaration from Daphne Killing, Corrections Counselor Supervisor at the MDCDCR PTDC, stating that she had reviewed records pertaining to grievances filed by inmate Watson while he was confined at the PTDC, and has not located any grievances filed by him which discuss or relate to any incidents involving him and Officer Rochelle which purportedly occurred on January 27, 2008 (DE#22-4).

## II   DISCUSSION

In the motion for summary judgment (DE#22) which is pending before the court, the defendant Rochelle is correct in arguing, for reasons discussed below, that the complaint in this case is subject to dismissal pursuant 42 U.S.C. §1997e(a), which embodies the pre-suit administrative exhaustion provision which Congress enacted as part of the Prison Litigation Reform Act of 1995 ("the PLRA").

The PLRA, which became effective on April 26, 1996, significantly altered a prisoner's right to bring civil actions in forma pauperis, and in pertinent part places new restrictions on a

---

reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

Pursuant to Brown v. Shinbaum, 828 F.2d 707 (11 Cir. 1987), the Order of Instructions (DE#23) was entered, to inform the plaintiff Watson, as a *pro se* litigant, of his right to oppose the defendant Rochelle's motion for summary judgment pursuant to Fed.R.Civ.P. 56 (DE#22), and instructing Watson regarding requirements under Rule 56 for a proper response to such a motion.

3

prisoner's ability to seek federal redress concerning the conditions of his confinement. Title 42 U.S.C. §1997e, entitled Suits by Prisoners, provides, in pertinent part, as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(42 U.S.C. §1997e(a)).

The Courts have made clear that §1997e(a), as amended, now requires a prisoner to have exhausted those administrative processes which are available to him prior to bringing suit on a claim in federal court. Alexander v. Hawk, 159 F.3d 1321 (11 Cir. 1998); Booth v. Churner, 532 U.S. 731, 736-41 (2001) (holding that "one 'exhausts' processes, not forms of relief..."); Miller v. Tanner, 196 F.3d 1190, 1193 (11 Cir. 1999) (incarcerated state prisoner must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under §1983); Harper v. Jenkin, 179 F.3d 1311, 1312 (11 Cir. 1999) (where a grievance was not timely filed, an appellant must have sought leave to file an out-of-time grievance, and if he has not done so before bringing suit, then his administrative remedies will be considered unexhausted, since to find otherwise would allow inmates to simply ignore the PLRA's exhaustion requirement and still gain access to federal court).

Thus, the Courts have held that satisfaction of the PLRA exhaustion requirement serves as a threshold issue, since the statutory mandate requires an inmate/prisoner must have fully exhausted the administrative remedies/processes which are available to him or her, before bringing suit on a claim in federal court, regardless of the form of relief that the administrative process makes available. See Booth, supra 532 U.S. at 736-41; Higginbottom v.

4

Carter, 223 F.3d 1259 (11 Cir. 2000); Miller, supra, 196 F.3d at 1193; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999); Harper, supra, 179 F.3d at 1312; Alexander, supra, 159 F.3d at 1325-26.

In general, when a grievance procedure provides not only for a grievance, but also an appeal, the inmate, in order to have exhausted his available administrative remedies, must have taken an appeal. See Chandler v. Crosby, 379 F.3d 1278, 1288 (11 Cir. 2004)(discussing the grievance and appeal process, in the context of remedies available to a state prisoner in the Florida DOC).

As the defendant Rochelle has established through the exhibits filed in this case at DE#s 22-1 and 22-2 (which respectively are copies of MDCDCR's Inmate Grievance Procedure, DSOP No. 15-001, and the MDCDCR Inmate Handbook which contains a synopsis of the grievance procedure for inmates' reference and use), MDCDCR inmates have the option of first attempting to achieve an informal resolution of their complaint with staff. If the matter is not informally resolved to the inmate's satisfaction, or if the inmate chooses to bypass the informal resolution, the next step is to pursue a formal grievance. The inmate must request and obtain from staff a grievance form and submit the completed form to a Correctional Counselor. If the inmate is not satisfied with and does not accept the response to the formal grievance which is provided by a facility Supervisor, Bureau Commander, or designee, the inmate must indicate on the form that he/she wishes to appeal, an must then complete and submit a grievance appeal form for review by a departmental division chief, who will make a final decision. As provided in the DSOP 15-001 and the Inmate Handbook, there are established time frames for the inmate to initiate each stage of the grievance process, and for officials to respond.

In sum, the inmate has available an optional informal grievance, which must be followed by a formal grievance, and a required appeal therefrom if the formal grievance is not granted or the inmate is dissatisfied with the response.

Thus, as a MDCDCR detainee who has filed suit pursuant to §1983, the plaintiff Watson's excessive force claims cannot be brought unless he has first fully exhausted his available administrative remedies provided under the multi-level inmate grievance procedure, which is established for use by MDCDCR inmates pursuant to MDCDCR procedure D.S.O.P. NO. 15-001, and outlined in the inmate Handbook.

In this case, as noted above, defendant Rochelle has submitted pertinent evidence, through exhibits including the Declaration of the Daphne D. Killing, a Corrections Counselor Supervisor at the PTDC were the events of January 27, 2008 are alleged to have occurred.

Through those exhibits, Rochelle has made a showing, which has not been opposed through any response from the plaintiff Watson, that with regard to the claims raised by Watson in this §1983 suit for damages, Watson did not exhaust the administrative remedies which were available for his use via the MDCDCR inmate grievance procedure, before he brought suit in this court. Accordingly, the complaint is subject to dismissal, in its entirety, pursuant to 42 U.S.C. §1997e(a), and Rochelle's motion for summary judgment (DE#22) should be granted, because the evidence of record indicates that plaintiff Watson never filed any grievance and grievance appeal pertaining to the alleged events at the PTDC on January 27, 2008, which form the basis for the complaint against all defendants in the case.

In addition, with regard to defendant Coventon, the complaint is also subject to dismissal pursuant to Fed.R.Civ.P. 4(m), because the complaint against Coventon could not be served within 120 days of its filing. As noted supra, an unexecuted process receipt and return was filed for Coventon on 8/25/09 (DE#13). The initial Order of Instructions (DE#4, ¶2 at pp.1-2) informed Watson that, as plaintiff, it is his duty to provide all necessary identifying information for each defendant, including a full name, title, and address, so that service of process may be achieved. The Order

(DE#4) explicitly cautioned Watson that any defendant, for whom service could not be achieved for claim of information, would likely be dismissed from the case. Subsequently, in its Order (DE#17, entered 10/8/09), Watson was informed that he was required to provide further identifying information for the defendant Coventon, because the deputy U.S. Marshal was unable to locate the proper defendant.  With regard to Coventon, plaintiff Watson has filed nothing more in the case. It is now more than 8 months since the complaint naming Coventon was filed, and in excess of 5 months since the plaintiff was informed (by Order DE#17) that Coventon could not be served with process.  Accordingly, as to Coventon, in addition to dismissal pursuant to 42 U.S.C. §1997e(a) for lack of exhaustion, the complaint, which could not be served within 120 days of its filing, is, in the alternative, subject to dismissal pursuant to Rule 4(m).

### III    CONCLUSION

It is therefore recommended that: 1) as to all defendants and claims, the complaint be dismissed pursuant to 42 U.S.C. §1997e(a); 2) as to the defendant Coventon, the complaint be dismissed, in the alternative, pursuant to Fed.R.Civ.P. 4(m); 3) the defendant Rochelle's motion to dismiss (DE#22), treated as a motion for summary judgment, be GRANTED; and 4) this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: March 29th, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   George Watson, Pro Se
      Inmate No. 060054237
      Metro-West Detention Center
      13850 N.W. 41st Street
      Miami, FL 33178

Bridgette Nicole Thornton, Esquire
Miami-Dade County Attorney's Office
111 N.W. 1st Street
Stephen P. Clark Center, Suite 2810
Miami, Florida    33128